UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

DALE MCKINNEY,                                      :
              Plaintiff,                          :
                                                    :
         v.                                     :   No. 2:15-cv-04671
                                                    :
MICHAEL NUTTER; LOUIS GIORLA;                       :
M. FARRELL; MAJOR ABELLO; and                       :
VINCENT CORRIGAN,                                   :
              Defendants.                         :
_____

**OPINION**
Defendants' Motion to Dismiss, ECF No. 7 - Granted

**Joseph F. Leeson, Jr.**                                                                    **March 8, 2017**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff Dale McKinney, who is detained at the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia, initiated this action pursuant to 42 U.S.C. § 1983. Defendants Michael Nutter, Mayor of Philadelphia; Louis Giorla, Commissioner of the Philadelphia Prison System ("PPS"); M. Farrell, Warden of CFCF; and Major Abello, Deputy Warden of CFCF, move to dismiss all claims against them.[1] Because McKinney has not sufficiently pled these Defendants' personal involvement, nor stated a claim for relief, the Motion to Dismiss is granted; however, McKinney is afforded one final opportunity to amend his complaint.

## II.    PROCEDURAL HISTORY

McKinney initiated this action on August 14, 2015, against Nutter, Giorla, Farrell, and Abello, claiming that he was forced into a cell housing three inmates that, being meant to house

---

[1] Defendant Vincent Corrigan of the Philadelphia Defender Association was never served with a summons and copy of the Complaint; however, pursuant 28 U.S.C. § 1915(e), this Court has screened the claims against him and, for the reasons set forth below, dismisses Corrigan with prejudice.

1

only two, was too small and extremely dirty.  Compl., ECF No. 5.  The Complaint alleged that prison overcrowding at CFCF also led to limited access to the law library and to telephones.  *Id.*  McKinney alleged that there was increased violence on the housing unit due to the insufficient number of telephones, and that grievances were rarely answered.  *Id.*

On October 19, 2015, McKinney filed an Amended Complaint, which added Corrigan as a defendant.  Am. Compl., ECF No. 6.  The Amended Complaint raised claims unrelated to those brought in the original Complaint.  McKinney alleged that he was being held in violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure (the speedy trial rule), that there was insufficient evidence to detain him, and that his defense attorney pressured him to accept a plea deal of two to seven years imprisonment even though he was innocent.  *Id.*

Defendants filed a Motion to Dismiss on November 30, 2015, arguing that McKinney failed to allege their personal involvement and failed to state an underlying constitutional violation.  Second Am. Compl., ECF No. 7.  Attached to McKinney's response in opposition to the Motion was a Second Amended Complaint.  ECF No. 8, Attachment.  In this Second Amended Complaint, McKinney named as defendants: Nutter, Giorla, Farrell, Abello, and the City of Philadelphia.  *Id.*  McKinney reasserted his triple-celling claims, as well as the alleged violation of his speedy trial rights.  *Id.*  Inconsistent with his claim in the Amended Complaint that he was pressured to accept a plea deal, McKinney alleged in the Second Amended Complaint that he was being held without a trial.  *Id.*

### III.    STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche*

*Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Twombly*, 550 U.S. at 555).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV.   ANALYSIS**

"When a plaintiff files an amended complaint as of right, it supersedes the original complaint and becomes the operative pleading." *Green v. Domestic Rels. Section Ct. Com. Pl. "Compliance Unit" Mont[g]omery Cty.*, 649 F. App'x 178, 181 (3d Cir. 2016).  Accordingly, McKinney's original Complaint has no legal effect.  *See Semulka v. Moschell*, 401 F. App'x 628, 629 (3d Cir. 2010).  The Second Amended Complaint attached to McKinney's response to the Motion to Dismiss also has no legal effect because he did not have Defendants' written consent or the Court's leave to file a second amended pleading.  *See* Fed. R. Civ. P. 15(a); *Nike, Inc. v. Brandmania.com, Inc.*, No. 00-CV-5148, 2002 U.S. Dist. LEXIS 12141, at *3 n.1 (E.D. Pa. Mar. 7, 2002).  Nevertheless, because this Court, having concluded that the Amended Complaint is deficient for the reasons explained below, must determine whether it would be inequitable or futile to allow another amendment, all of McKinney's claims are addressed herein.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue

3

delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, a court should grant a plaintiff leave to amend a deficient complaint after a defendant moves to dismiss it).

### A.     *McKinney failed to sufficiently allege the personal involvement of any Defendant in any of his three pleadings.*

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  There are two theories of supervisory liability: (1) the defendant-supervisor participated in violating the plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in his subordinates' violations; and (2) the defendant, in his role as policymaker, acted with deliberate indifference in establishing and maintaining a policy, practice or custom which directly caused the plaintiff's constitutional harm.  *A.M. v. Luzerne County Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).  Under the first theory, "[a]lthough a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

In both the original Complaint and the Amended Complaint, McKinney failed to allege any personal involvement on the part of any Defendant.  He included no allegations that even named these Defendants.  Although McKinney identified Defendants and their job titles in the "Parties" section, "listing . . . job responsibilities is not sufficient to create an allegation of personal direction or of actual knowledge and acquiescence." *Paskel v. Nutter*, No. 13-5755, 2014 WL 4055837, at *2 (E.D. Pa. Aug. 13, 2014).  For these reasons, the Complaint and Amended Complaint failed to state a claim against any Defendant.  *See Goode v. Lackawanna Cty. Prison*, No. 3:16-cv-0183, 2016 U.S. Dist. LEXIS 20159, at *4-5 (M.D. Pa. Feb. 19, 2016) (dismissing the Section 1983 complaint against an individual named only in the caption of the

4

complaint because there were no allegations that he was personally involved in the alleged wrongs).

In the Second Amended Complaint, McKinney alleged that "[t]hese conditions are set in place by philadelphia [sic] prisons policy and procedures implemented by the city of philadelphia [sic] and carried out by named officers thereof in there [sic] official and individual capacities." ECF No. 8, Attachment.  This pleading included allegations relating to both overcrowding and speedy trial rights.

When relying on policy or practice to establish supervisor liability, the plaintiff must:

(1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

*Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001).  Additionally, a "plaintiff must specifically identify the acts or omissions of the supervisors that show deliberate indifference, and suggest to the Court a relationship between the 'identified deficiency' of a policy or custom and the injury suffered."  *Cain v. Nutter*, No. 16-1614, 2016 U.S. Dist. LEXIS 166071, at *7 (E.D. Pa. Nov. 30, 2016).  "[P]roof of the mere existence of an unlawful policy or custom is not enough to maintain a § 1983 action."  *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

McKinney's conclusory allegations about the City's policy and procedures do not suffice to make the requisite showing, but because the pleadings are so deficient, the Court is unable to determine whether McKinney can allege additional facts to show each Defendant's personal involvement and he is granted leave to amend.  Although the complaints may be dismissed based

solely on their failure to allege the personal involvement of each Defendant, because McKinney is granted an opportunity to amend, this Opinion also discusses the merits of his claims.

> **B.     McKinney failed to allege sufficient facts in either the original Complaint or in the Second Amended Complaint to state a constitutional violation for triple-celling.**

McKinney does not state whether he is a pretrial detainee or a convicted prisoner. Although the Amended Complaint references Pennsylvania's speedy trial rule, which suggests that he is a pretrial detainee, it also alleges that he was forced to take a plea deal, which suggests that he is a convicted prisoner. This distinction is important because the "Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees." *Bynum v. Nutter*, No. 15-2406, 2016 U.S. Dist. LEXIS 164421, at *4 (E.D. Pa. Nov. 28, 2016) (citing *Hubbard v. Taylor*, 399 F.3d 150, 165-66 (3d Cir. 2005)).

Regardless, McKinney has not alleged sufficient facts in any of his pleadings that would establish a constitutional violation for triple-celling. *See Bynum v. Nutter*, No. 15-2406, 2016 U.S. Dist. LEXIS 164421, at *2-6 (E.D. Pa. Nov. 28, 2016) (dismissing a triple-celling claim based on almost identical facts[2] to those alleged by McKinney). Triple-celling, which is the practice of placing three inmates in a cell designed to house two, is not per se unconstitutional. *See Hubbard v. Taylor*, 538 F.3d 229 (3d Cir. 2008). The court must consider the totality of the circumstances, including factors such as cell size, the length of confinement, the amount of time the inmate spends in the cell each day, the opportunity for exercise, the sanitariness of the

---

[2]     The complaint in *Bynum* alleged:
Forced into a 3 man cell. Filthy conditions. Panic buttons inoperable. Severe overcrowding. Inadequate law library access. Administration doubles capacity and sells phone time, doesn't put in more phones. Locked in 80% of the time. Not enough shower for everybody. Conditions promote violence. Filthy molder [sic] air ducts blow dirty air [and] sicken everyone on the block.
*Bynum*, 2016 U.S. Dist. LEXIS 164421, at *2.

condition (whether an inmate is being forced to sleep next to the toilet), and whether the inmate may have suffered physical injuries as a result of the housing conditions, to determine if there has been a violation of the inmate's constitutional rights.  *Id.* at 234-35.  McKinney has not provided any such details, and the claim is dismissed.  Without this information, the Court is unable to determine whether he might be able to allege additional facts to state a claim and he is therefore granted leave to amend.

      ***C.***     ***In the original Complaint, McKinney did not show any actual injury resulting from the alleged limitation on his access to the law library so as to state a constitutional claim.***

Inmates have a constitutional right of access to the courts, not a freestanding right to access the prison's law library.  *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)).  Therefore, to state a claim for relief, a prisoner must show that he was actually injured by demonstrating that the alleged shortcomings in, or limited access to, the law library hindered his efforts to pursue a legal claim.  *Id.* at 351-52 ("observ[ing] that the injury requirement is not satisfied by just any type of frustrated legal claim" and generally excludes civil rights actions).

In his original Complaint, McKinney alleged that he had access to the law library for less than one hour per week, but did not allege that he was hindered in his ability to pursue any legal claim.  Therefore, he failed to state a claim.  *See Brooks v. DiGuglielmo*, No. 05-4588, 2008 U.S. Dist. LEXIS 99776, at *20-21 (E.D. Pa. Dec. 9, 2008) (concluding that the prisoner, who had only one hour per day to devote to legal research because of his limited access to the law library, had not shown an actual injury); *Gregorio v. Aviles*, 2013 U.S. Dist. LEXIS 38994 (D.N.J. Mar. 20, 2013) (dismissing the prisoner's access to courts' claim, which was based on his restricted access to the law library of only one hour per week, because a prisoner's right of access to the courts does not include a freestanding right to a minimum amount of time in a law library).

7

McKinney did not raise this claim again in either of his subsequent pleadings and appears to have abandoned the claim.  However, to the extent he was actually injured by his limited access and if he wishes to renew the claim, leave is granted to McKinney to amend his complaint to reassert this claim and set forth additional allegations of an actual injury.

### *D.     McKinney failed to allege specific facts that would support the remaining claims in his original Complaint.*

McKinney made several additional claims in his original Complaint, complaining that grievances were rarely answered and that there were an inadequate number of phones for inmates to use, which resulted in the increased possibility of violence.  Other than these bare allegations, McKinney offered no specific facts to support his claims.  Thus, none of these claims stated a constitutional violation.  *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (holding that "the Constitution does not mandate comfortable prisons"); *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (holding that "an inmate has no constitutional right to a grievance procedure"); *Ranko v. Saudino*, No. 15-8483, 2016 U.S. Dist. LEXIS 50651, at *6 (D.N.J. Apr. 15, 2016) (dismissing the plaintiff's claim for violation of his right to use the telephone because the plaintiff failed to provide sufficient facts to support the claim and failed to specify how each defendant was involved in the restriction on phone access).  This Court is doubtful that additional facts would establish a constitutional claim based on the prison's availability of telephones to inmates, but without any facts on this issue and in light of the denial of access to the courts claim that McKinney pled, this claim is also dismissed without prejudice.  McKinney's claim regarding the prison's failure to respond to grievances, however, is dismissed with prejudice because any amendment would be futile.

### E. *McKinney failed to allege specific facts in the Amended Complaint to establish that any trial delay amounted to a constitutional violation.*

A plaintiff may assert a claim for damages based on a trial delay that reaches the level of a due process violation. "To determine whether a trial delay has infringed the speedy trial right, a court must apply a balancing test under which the following four factors are examined: (1) the length of the delay; (2) the validity of the reasons for the delay; (3) whether the defendant affirmatively asserted his right; and (4) whether the defendant was prejudiced by the delay." *Harrison v. Abraham*, No. 90-3199, 1997 U.S. Dist. LEXIS 6894, at *55-56 (E.D. Pa. May 16, 1997) (deciding a speedy trial claim raised in a habeas corpus petition). McKinney failed to allege any specific facts that would speak to these factors. Consequently, this claim is dismissed. Because McKinney has failed to provide any facts regarding the delay, the Court is unable to determine whether an amendment would be futile so the dismissal is without prejudice.

### F. *Corrigan is not a state actor for purposes of 42 U.S.C. § 1983.*

To bring a civil rights action pursuant to 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) that the alleged conduct was committed by a person acting under color of state law; and (2) that said conduct deprived the plaintiff of the rights, privileges or immunities secured by the United States Constitution. 42 U.S.C. § 1983.

In the First Amended Complaint, McKinney named Vincent Corrigan of the Philadelphia Public Defender's Office as a defendant. However, a public defender is not a state actor for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Corrigan is therefore dismissed

with prejudice.³

## V. CONCLUSION

Considering all three pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court finds that McKinney failed to allege the personal involvement of any Defendant. Moreover, each of his constitutional claims is deficient for the reasons described herein. Because McKinney failed to support his claims with specific factual allegations, the Court is generally unable to determine whether an amendment would be futile. With the exception of the claim pertaining to unanswered grievances, the claims are therefore dismissed without prejudice. Corrigan is also dismissed with prejudice because he is not a "person" under § 1983.

McKinney is given one final opportunity to amend his complaint. He is advised that the third "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the original complaint. *Id.* The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

³ Should McKinney want to bring claims alleging the ineffective assistance of counsel in regards to criminal proceedings, he may, if timely, file a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 after first exhausting those claims in the state courts. *See Santos v. New Jersey*, 393 F. App'x 893, 894 (3d Cir. 2010).